**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3710-17T1

VINCENT GEIGER,

     Plaintiff-Respondent,

v.

JACKSON TOWNSHIP,

     Defendant-Appellant.

_____

Argued January 16, 2019 – Decided January 30, 2019

Before Judges Alvarez and Nugent.

On appeal from Superior Court of New Jersey, Law Division, Ocean County, Docket No. L-0463-18.

Barry A. Stieber argued the cause for appellant (Gilmore & Monahan, PA, attorneys; Barry A. Stieber, on the brief).

Joseph A. Petrillo argued the cause for respondent (Hoagland, Longo, Moran, Dunst & Doukas, LLP, attorneys; Joseph A. Petrillo, of counsel and on the brief; Nicole M. Grzeskowiak, on the brief).

PER CURIAM

In this personal injury action, which arose out of a vehicular accident, Defendant Township of Jackson appeals from an order that plaintiff Vincent Geiger's tort claim notice to the Township was timely served. The New Jersey Tort Claims Act, N.J.S.A. 59:1-1 to 12-3, requires that "[a] claim . . . for death or for injury or damage to person or to property . . . be presented [to the public entity] . . . not later than the [ninetieth] day after accrual of the cause of action." N.J.S.A. 59:8-8. "Generally, in the case of tortious conduct resulting in injury, the date of accrual will be the date of the incident on which the negligent act or omission took place." Beauchamp v. Amedio, 164 N.J. 111, 117 (2000). An exception exists in cases "where the victim either is unaware that he has been injured or, although aware of an injury, does not know that a third party is responsible." Ibid.

Here, Judge Mark A. Troncone determined that the "exception" applied and that plaintiff timely filed a tort claim notice with the Township after he should have become aware of the potential claim. We affirm, substantially for the reasons expressed by Judge Troncone in his oral opinion and in his supplemental written opinion. The Township's arguments are without sufficient merit to warrant further discussion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

2                                                                    A-3710-17T1